ROLLISON, AUDITOR *v.* STATE EX REL. WATKINS.

[No. 26,443. Filed June 9, 1936.]

*William L. Slinkard,* for appellant.

*Cyrus E. Davis* and *Guy H. Humphreys,* for appellee.

TREANOR, J.—Relator, as a resident and taxpayer of the city of Linton, Greene County, Indiana, brought an action for mandate to compel appellant, as auditor of Greene County, to place upon the tax duplicates of various townships in the county certain levies allegedly required to raise funds with which to reimburse Greene County (1) for amounts which had been advanced and expended by the county for poor relief in such townships, and (2) for amounts required for necessary poor relief in the last quarter of the current year. Defendant moved to strike out parts of the complaint but the court overruled defendant's motion and also overruled defendant's demurrer to the complaint. An answer was filed and the issues were closed by a reply in general denial. The court made a special finding of facts, stated its conclusion of law No. 1 and rendered judgment ordering the defendant to place upon the tax duplicates of five townships increased levies for taxes for poor relief. The defendant excepted to the conclusions of law and judgment, and prayed this appeal. Appellant's assignment of errors is as follows:

1st. The trial court erred in overruling appellant's motion to strike out parts of the complaint.

2nd. The court erred in overruling appellant's demurrer to the complaint.

3rd. The court erred in its conclusions of law and each of the conclusions of law made by the court.

4th. The court erred in its conclusion of law number 1, and the court erred as to each item of its conclusion of law.

Appellee urges that each assignment of error is waived because "Propositions and Authorities" of appellant's brief are not prepared in compliance with the rules of this court. Appellant's brief fails to present any question respecting the first and second specifications of error but that part of the brief devoted to the alleged error in the trial court's statement of its .conclusions of law substantially complies with Rule 21, cl. 6, and presents that alleged error.

By its special finding of facts upon which the court based its conclusion of law, the court found that at the regular 1933 session of the Greene county tax adjustment board the budgets and tax levies of the various taxing units of the county for the ensuing year were laid before the board by the county auditor; that the board duly considered all such budgets and levies and then established levies for each township of the county; that the auditor ōf the county made out and prepared the tax duplicates for each township of the county at the rate fixed by the tax adjustment board; that the amounts which would be realized from the levies for poor relief as established by the board, if all taxes so levied should be paid, would fall short of reimbursing the county for amounts which had been advanced by the county for poor relief in five of the townships and that an increase in the levy for poor relief in each of the five townships would be necessary to reimburse the county for the money which had been advanced to those townships. The trial court particularly found, as to each of the five townships, (1) the rate per $100 valuation as fixed by the tax adjustment board for poor relief; (2) the amount which such rate would yield; (3) the amount advanced to the township for poor relief by the county; (4) the amount required to reimburse the county which would not be raised by the rate fixed by the tax adjustment board; and (5) the increase in rate required to so reimburse the county. The court stated

its conclusion of law No. 1 that the plaintiff was entitled to an order mandating the defendant to place upon the tax duplicates for each of the five townships a levy for taxes for poor relief sufficient to raise the particular amount referred to in (4) *supra*.

Appellee contends that the trial court's conclusion of law and judgment are authorized by §12291, Burns' Ann. Ind. St. 1926[1] (§52-135, Burns 1933, §13356, Baldwin's 1934), which made it the duty of the "proper authorities of each township" to "levy a tax upon the property of such township, to reimburse the county treasury" for advancements made by the county for the relief of the poor of such townships, and upon failure of the proper authorities to perform that duty, required the county auditor to levy such tax. Appellant contends that §12291, *supra,* was repealed by ch. 10, Acts 1932, p. 1.

Section 1 of ch. 73, Acts 1931, authorizes boards of county commissioners to borrow money for the purpose of paying "claims incurred and filed with such respective boards of commissioners by trustees for relief of

---

1. "The county auditor of each county shall report to the board of county commissioners on the first day of the regular September term of said court annually the amount advanced during the preceding nine (9) months, and an estimate of the same for the remaining three (3) months of the then current calendar year, to the overseer of the poor for poor relief and for medical attendance of the poor of each township by said board. When the township levies are made, the proper authorities of each township for the poor of which any such advancements have been made shall levy a tax upon the property of such township, to reimburse the county treasury for payments made on such advancements, which taxes shall be collected as are other township taxes, and shall be paid into the county treasury. If the proper authorities of any township shall fail to levy a sufficient tax to repay such advancements, the county auditor shall levy the same. The county auditor shall keep a debit and credit account with each civil township, showing the amounts received on said levy and the amounts advanced by the boards of county commissioners to the overseers on account of the relief and burial of the poor, and, on the first day of January of each year, shall balance the account, and, as soon thereafter as possible, transmit a statement of the balance to the overseers of the poor of the townships. . . ." §52-135, Burns' Ind. St. Ann. 1933, Acts 1901, ch. 147, §38, p. 323; Acts 1907, ch. 161, §1, p. 256; §13356, Baldwin's 1934.

the poor of their respective townships, in excess of the amounts which can be reasonably advanced out of the general fund of the county for such purpose under the provisions of existing laws." Such loans were to become due and payable "one-half on May 15th, and one-half November 15th of the year following the time for establishing annual levies next after the date of such issue . . ." Section 2 of ch. 73, *supra,* requires township trustees and advisory boards to levy a tax to reimburse the county for such loans, the levy to be made "at the next annual meeting of such advisory board after the making of said loan."

Prior to the enactment of ch. 73, Acts 1931, *supra,* the practice under §12291, *supra,* was for the proper township authorities to levy an annual tax to reimburse the county for poor relief expenditures which had been made for the benefit of the township. The law contemplated that a sufficient amount would be raised each year to reimburse the county for all advances made during the preceding year. It was assumed that the general fund of the county would be sufficient to supply all necessary advances to the township. The unusual demands for poor relief in 1930 exhausted the general funds of many counties and the General Assembly of 1931 authorized counties to borrow money to supplement the general fund. But even under the act of 1931 it was assumed that the township would collect enough each year to reimburse the county for advances for the preceding year. The Special Session of the General Assembly in 1932 recognized that the relief burden was becoming so heavy that it would be necessary to spread it over a period of years, and authorized counties to issue bonds for a period of not exceeding ten years to meet the township requirements. Since under the provisions of ch. 73, Acts 1931, as amended by ch. 46, Acts 1932, p. 186, the amounts advanced by the county

to townships for relief purposes would be obtained from the proceeds of bond issues which would mature over a period of years, it was no longer contemplated that the townships would levy an annual tax which would be sufficient to reimburse the county for all advances which had been made prior to the year in which the tax should be collected.

A reading of ch. 73, Acts 1931, p. 188, as amended by ch. 46, Acts of 1932, p. 186, makes it clear that after amendment by the Special Session of the General Assembly of 1932 it was contemplated that the tax to be collected in any one year in a particular township on account of poor relief was required to be a sum sufficient to pay that part, chargeable to that township, of the principal of any bonds falling due during the year, and interest, plus any additional amount which had been advanced from the general fund of the county and not obtained by loans. Consequently, if we assume that §12291, Burns, etc., 1926, *supra*, was not repealed by the provisions of ch. 10 of the Acts of 1932, and that the county auditor still had the power to place levies against the various townships for repayment of poor relief funds advanced by the county, the levies which he could make would be limited as indicated above and would not need to be sufficient to raise a sum equal to all that had been advanced during the year for poor relief unless none of the amount advanced had come from the proceeds of poor relief bonds.[2]

In the instant case there was no finding on the ques-

2. This is emphasized especially by §2 of ch. 46, of the amending act of 1932: "The township trustee and the advisory board of the respective townships in any county shall at the next annual meeting of such advisory board after the making of said loan, and annually thereafter, until paid, levy a tax sufficient to reimburse the county for the loan, principal and interest; and in the event that said officers fail to levy sufficient tax to repay said loan as herein provided, the county auditor shall levy the same or increase such tax in such amount as will reimburse the county for the amounts as herein provided." Acts 1932, p. 186.

tion of the source of the money which was advanced to pay poor relief claims of the various townships, but the findings were only as to the total amounts advanced. In the absence of any showing to the contrary, we must assume that the levies for 1934 which had been fixed by the proper township officers and submitted to the county board of tax adjustment for consideration were sufficient to raise all funds necessary to take care of each township's share of the principal of any bonds, or interest, falling due in 1934 and of any advances which had been made from the general fund which were not included in the advances made from the proceeds of bond issues. Consequently the trial court erred in its Conclusion of Law No. 1.

Judgment reversed with directions to the trial court to restate its Conclusion of Law No. 1 in favor of appellant and to enter judgment in conformity therewith.